UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, N.A., | : | |
|     Defendant, | : | |
|     Counterclaim Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17–cv–1298 (JCH) |
| v. | : | |
| | : | SEPTEMBER 6, 2017 |
| RICHARD CAIRES, | : | |
|     Plaintiff, | : | |
|     Counterclaim Defendant. | : | |

**ORDER RE: REMAND TO STATE COURT**

**I.     INTRODUCTION**

On August 3, 2017, the court ordered plaintiff/counterclaim defendant Richard Caires ("Caires") to show cause why this action should not be remanded to state court for lack of federal subject matter jurisdiction. See Order to Show Cause (Doc. No. 8). Caires moved for an extension of time to respond to the Order to Show Cause until August 26, 2017 and then again moved for a continuance to respond, which Magistrate Judge Merriam granted until September 27, 2017. See Motion for Extension of Time (Doc. No. 11); Motion to Continue (Doc. No. 14); Order Granting Motion to Continue (Doc. No. 16). The defendant, counterclaim plaintiff J.P. Morgan Chase Bank, N.A. ("JPM") filed its own response to the court's Order to Show Cause, arguing that this case should (again) be remanded to state court. See Statement in Resp. to Order to Show Cause ("JPM Stmt.") (Doc. No. 10) at 1–2.

1

For the reasons set forth below, the court **DISMISSES** the Complaint sua sponte for lack of jurisdiction and **ORDERS** that this case be remanded to state court.[1]

## II. BACKGROUND

The procedural history of this case is extensive and complex. As such, the court will summarize only those aspects of the prior action in this case necessary to address the propriety of removal and/or remand.

Caires filed a Complaint against JPM in Connecticut Superior Court on December 3, 2009, in which he alleged various causes of action related to a note and mortgage on real property in Greenwich, Connecticut. See Statement in Resp. to Order to Show Cause, Ex. B ("Ex. B") (Doc. No. 10-2) at 2–3.[2] Shortly thereafter, on December 30, 2009, JPM removed the case to the United States District Court for the District of Connecticut, see id. at 3, and filed a foreclosure counterclaim on October 21, 2010, see Caires v. JP Morgan Chase Bank, N.A., No. 3:09–cv–2142 (VLB) (D. Conn.) ("D. Conn. Case #1"), Counterclaim (Doc. No. 27) at 8–12.

On July 23, 2012, Judge Bryant dismissed all of Caires's claims. See D. Conn. Case #1, Mem. of Decision Granting Def.'s Mot. to Dismiss (Doc. No. 92) at 1. The

---

[1] The court notes that the defendant has sought two extensions of time to respond to the court's Order to Show Cause on the ground of serious medical issues. While normally the court would grant extensions due to health issues, it finds that this third removal is so baseless and the lack of jurisdiction to maintain this case on its docket is so clear that the interests of justice call for the court's action sua sponte. The court hereby vacates its Order to Show Cause (Doc. No. 8).

Further, in connection with issuing this Order, the court has reviewed the lengthy Notice of Removal (Doc. No. 1) filed by the defendant in determining whether there is any basis for jurisdiction.

[2] "[D]ocket sheets are public records of which the court [can] take judicial notice . . . ." Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998)).

Citations to the Docket Report at Exhibit B refer to the pagination generated by the CM/ECF filing system.

court issued an Order to Show Cause directed at JPM, requiring JPM to show cause why the case should not be remanded to state court, given that the only remaining claim in the case was JPM's foreclosure counterclaim. See D. Conn. Case #1, Order to Show Cause (Doc. No. 94). JPM responded that it had no objection to the remand, see generally D. Conn. Case #1, Resp. to Order to Show Cause (Doc. No. 95), and Caires did not object. Accordingly, the case was remanded to state court on September 11, 2012. See D. Conn. Case #1, Order (Doc. No. 96).

For nearly four years, the parties litigated the case in state court. See generally Ex. B at 5–11. Then, on the day trial was scheduled to commence, see id. at 11 (reflecting, in an entry at state court docket number 294.00, a trial date of April 12, 2016), Caires filed a notice of removal, purporting to remove the case to the United States District Court for the Southern District of New York, see generally Caires v. JP Morgan Chase Bank N.A., No. 1:16–cv–2694–GBD–RLE (S.D.N.Y.) ("S.D.N.Y. Case"), Notice of Removal (Doc. No. 1). After the magistrate judge's recommendation that the case be remanded to Connecticut state court, see generally S.D.N.Y. Case, Report & Recommendation (Doc. No. 26), the district court adopted the report and recommendation over Caires's objection, see generally S.D.N.Y. Case, Memorandum Decision & Order (Doc. No. 37). The case was again remanded to state court on January 27, 2017. Id.

After further motion practice on remand, the Superior Court set a trial date of August 3, 2017. See Ex. B at 13. However, on August 2, 2017, Caires again removed the case, this time to the United States District Court for the District of Connecticut. See id.; Notice of Removal ("NOR") (Doc. No. 1) at 1. One day earlier, Caires had filed a

3

separate action in this District, seeking a declaratory judgment regarding the real property on which JPM seeks to foreclose. See generally Caires v. JPMorgan Chase Bank, N.A., No. 3:17–cv–1288 (JAM), Pl.'s Complaint (Doc. No. 1).

JPM represents that the trial in state court has now commenced. See JPM Stmt. at 2 n.1.

## III. LEGAL STANDARDS

The court addresses the legal standards governing each basis on which remand to state court is appropriate in more depth below. It bears noting, however, that the court remains mindful of its obligation to construe pro se filings liberally to raise the strongest arguments they might suggest. See McLeod v. Jewish Guild for the Blind, --- F.3d ---, 2017 WL 3044626, No. 15-2898-cv, at *2 (2d Cir. July 19, 2017).

## IV. DISCUSSION

The only claim remaining in this case is JPM's counterclaim, seeking foreclosure on Caires's property.

First, remand is appropriate in light of Judge Bryant's Order, nearly five years ago, remanding this very case to state court. See D. Conn. Case #1, Order (Doc. No. 96). Though Judge Bryant's Order to Show Cause why the case should not be remanded was directed to JPM, see D. Conn. Case #1, Order to Show Cause (Doc. No. 94), the court notes that Caires did not object—or respond in any way—to that Order to Show Cause. "Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991) (citations omitted). Because Caires has not demonstrated any material

4

difference between the posture of the case now and when Judge Bryant remanded it originally, remand is once more appropriate in keeping with that earlier Order.

Second, there is clearly no federal question jurisdiction in this case. Pursuant to the familiar "well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]. Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation marks and citations omitted). Judge Bryant having dismissed all of Caires's claims, the operative pleading is JPM's counterclaim. To the extent Caires argues that malfeasance on the part of the state court gives rise to a claim under section 1983 of title 42 of the United States Code, see NOR at 2 ¶ 2 ("The removal is first and foremost based on civil rights violation and the Superior Court aiding and abetting the attempt to steal his property under the color of law."); see also NOR at 18 ¶ 43, such a claim would qualify as a counterclaim not giving rise to federal question jurisdiction.[3] Nor would Caires's citations to other sources of federal law, see id. at 7–8 ¶ 17 (citing haphazardly to, inter alia, Article III of United States Constitution, First Amendment to United States Constitution, and federal criminal statute), confer federal question jurisdiction on this court, given that they would necessarily be raised as counterclaims (or, more precisely, counterclaims to JPM's counterclaim). In any event, "the obligation and competence of state courts to decide federal questions is well settled," Corsini v. Ross, No. 97–cv–968 (JGK), 1997 WL

---

[3] To be clear, the court by no means endorses Caires's suggestion that the Superior Court acted inappropriately. Indeed, Caires has offered no support for such condemnations.

5

539950, at *5 (S.D.N.Y. Aug. 28, 1997) (citing Star Distrib., Ltd. v. Marino, 613 F.2d 4, 8 n.10 (2d Cir. 1980)), so the state court is fully capable of addressing any such issues.

Finally, the court turns to the timeliness of Caires's removal, insofar as he suggests removal is permitted based on diversity jurisdiction. JPM does not appear to dispute that there is complete diversity here or that the amount in controversy is sufficient to confer diversity jurisdiction. See generally JPM Stmt. at 1–2. Though his allegations are difficult to follow, Caires appears to argue that JPM has misrepresented certain notes and/or has offered fraudulently-endorsed notes. See generally NOR at 2–4 ¶¶ 4–9. Caires cites sections 1446(c)(1) ("Section 1446(c)(1)") and 1446(c)(3)(B) ("Section 1446(c)(3)(B)") of title 28 of the United States Code in arguing that the alleged bad faith he describes justifies otherwise untimely removal. See id. at 5 ¶ 12.

Generally, a defendant must remove a case within thirty days after receipt of the initial pleading that makes clear removal is possible. See 28 U.S.C. § 1446(b)(1). Section 1446(c)(1) allows for removal based on diversity of citizenship "more than 1 year after commencement of the action," if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added). Section 1446(c)(3)(B) clarifies that, if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B) (emphasis added). Because this case was instituted in 2009 and remanded to state court in 2012, removal is only permissible if it falls within an exception to the timing requirements set forth immediately above. The plain language of the removal statute makes clear that, for otherwise untimely removal to be allowed,

6

the "bad faith" invoked must relate to a party's conduct obscuring facts that would otherwise justify removal. Other courts within this Circuit have explained—and this court agrees—that the phrase "bad faith" in section 1446 relates to nefarious conduct that aims to defeat an opponent's right to remove. See Ehrenreich v. Black, 994 F. Supp. 2d 284, 288–89 (E.D.N.Y. 2014).

To the extent that JPM is litigating this case in bad faith—and, to be clear, the court makes no finding and reaches no conclusion to that effect—the state court is fully capable of addressing and/or sanctioning any such conduct. Garden variety litigation misconduct, not part of an improper effort to defeat diversity jurisdiction, does not excuse untimely removal. Here, there has been no suggestion that JPM acted to defeat federal subject matter jurisdiction either by improperly joining parties or by misrepresenting facts that might give rise to diversity jurisdiction. See id. Accordingly, Caires's Notice of Removal is untimely, as it was filed seven years after this case was instituted, five years after it was remanded from the District of Connecticut, and approximately six months after it was remanded from the Southern District of New York.

## V.    CONCLUSION

For the reasons set forth above, this case is hereby **REMANDED TO STATE COURT**.

The court concludes by noting that Caires has engaged in a troubling pattern of filing meritless notices of removal on the eve of the state court trial that is to determine whether JPM is entitled to foreclose on his property. Given the baselessness of this Notice of Removal, as well as Caires's Notice of Removal to the Southern District of New York, Caires is hereby advised that the court is considering, if he attempts to

remove again, issuing an order: (1) prohibiting him from attempting, at any time in the future, to remove this action to any federal court; and (2) imposing monetary sanctions.[4] See Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005); Lamb v. Cuomo, No. 16–cv–6568 (JS)(AKT), 2016 WL 7378910, at *4 (E.D.N.Y. Dec. 19, 2016); see generally In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of September, 2017.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

---

[4] As noted above, Caires currently has another case pending in this District, Civil Case Number 3:17–cv–1288 (JAM). The court wishes to make clear that its Order would not extend to that case, nor does the instant remand Order intimate any view as to the proper disposition of Civil Case Number 3:17–cv–1288 (JAM).