UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, N.A., : | | |
|     Defendant, : | | |
|     Counterclaim Plaintiff, : | | CIVIL ACTION NO. |
| : | | 3:17–cv–1298 (JCH) |
| v. : | | |
| : | | SEPTEMBER 14, 2017 |
| RICHARD CAIRES, : | | |
|     Plaintiff, : | | |
|     Counterclaim Defendant. : | | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 21)**

**I.  INTRODUCTION**

On September 6, 2017, the court issued an Order sue sponte remanding to state court this case between plaintiff/counterclaim defendant Richard Caires ("Caires") and defendant/counterclaim plaintiff J.P. Morgan Chase Bank ("J.P. Morgan").  See Order Re: Remand to State Court ("Order to Remand") (Doc. No. 19).  On September 11, 2017, Caires filed a Motion for Reconsideration of the Order to Remand.  See Motion for Reconsideration ("Mot. for Recons.") (Doc. No. 21).

The court incorporates herein the factual background and relevant legal analysis from its prior Order.

For the reasons stated below, the Motion for Reconsideration is **DENIED**.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Motions to alter a judgment under Rule 59(e), however, are treated the same as motions for reconsideration under District of Connecticut Local Rule 7(c).  See Murphy v. Feliciano, No. 3:17-CV-269 (VLB), 2017 WL 3698490, at *1 (D. Conn. Aug.

25, 2017); InteliClear, LLC v. Victor, No. 3:16-CV-1403 (JBA), 2017 WL 2213125, at *1 (D. Conn. May 18, 2017) (citing City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991)).  Under Local Rule 7(c), parties must file and serve such motions within seven days of the ruling from which relief is sought and provide "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. Civ. R. 7(c)(1).

"The standard for granting a motion for reconsideration is strict."  Ricciuti v. Gyzenis, 832 F. Supp. 2d 147, 165 (D. Conn. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also D. Conn. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.").  The three primary grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citations omitted).  The court should only grant reconsideration "when the 'moving party can point to controlling decisions or data that the court overlooked' and 'that might reasonably be expected to alter the conclusion reached by the court.'"  Doe v. Winchester Bd. of Educ., No. 10-CV-1179, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (citing Shrader, 70 F.3d at 256–57).  Additionally, "[a] motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved."  Id. (citing Pierce v. Lee, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010)).

## III. DISCUSSION

Caires argues that the court should reconsider its Order remanding the case to state court because the court overlooked "new case law which supports Caires' claims to retain personal and subject matter jurisdiction in this venue." Mot. for Recons. at 3. Caires advances two arguments[1] for reversing the remand.

First, Caires argues, "[W]hen JP Morgan Chase Bank, N.A. removed the action, the [sic] subsequently filed a counterclaim, it established Federal Jurisdiction pursuant to 28 U.S.C. § 1332(a). Hence, Federal Jurisdiction over the claims have [sic] been established since 2010 in this action . . . ." Mot. for Recons. at 4. However, Caires' initial complaint was dismissed on August 23, 2012, and on August 25, 2012, the court issued an Order to Show Cause why the case should not be remanded to state court because the only remaining claim was J.P. Morgan's state law counterclaim. See Caires v. JP Morgan Chase Bank, N.A., No. 3:09–cv–2142 (VLB) (D. Conn.) ("D. Conn. Case #1"), Order Granting Motion to Dismiss (Doc. No. 92); D. Conn. Case #1, Order to Show Cause (Doc. No. 94). Although the Order was directed to J.P. Morgan, Caires did not object or respond in any way. Caires could have raised this argument of federal diversity jurisdiction before the court then, but he did not do so. In the absence of any

---

[1] The Motion also briefly mentions that Caires "recently retained counsel to represent him at the September 27, 2017 hearing, which undoubtedly falls under the scope of a Rule 59(e) reconsideration." Mot. for Recons. at 2. However, the Motion does not articulate why the retention of counsel should serve as grounds for reconsideration. Nor does it cite to any precedent in which a court has reconsidered a ruling on that basis. To the contrary, newly acquired counsel does not fall within any of the three primary grounds for reconsideration enunciated by the Second Circuit: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, 956 F.2d at 1255. If the newly retained counsel raises controlling law that was overlooked by the court, for example, that could form grounds for reconsideration, but the mere appearance of counsel does not. Accordingly, the court does not consider this to raise a valid basis for reconsidering its Order to remand.

objection from either party, Judge Bryant issued an Order remanding the case to state court on September 11, 2012. See D. Conn. Case #1, Order (Doc. No. 96). As this court already noted in its Order to Remand on September 6, 2017, Judge Bryant's Order is binding on subsequent stages of the same litigation, including the current matter before the court. See Order to Remand at 4 (citing In re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991)). Therefore, Caires' claim that diversity jurisdiction was established in 2010 does not now serve as a ground for reconsidering jurisdiction. Additionally, this argument does not resolve the untimeliness of his removal, which was also addressed in the court's Order and itself requires remand. See id. at 6–7.

Second, Caires argues that he has a claim under the Fair Debt Collection Practices Act ("FDCPA"), which establishes the basis for federal question jurisdiction. See Mot. for Recons. at 5–6. This claim, raised now in the Motion for Reconsideration, is untimely. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Companies, Inc., 265 F.3d 97, 115 (2d Cir. 2001) (affirming the district court's rejection of an argument raised for the first time in a motion for reconsideration as untimely); see also Universitas Educ., LLC v. T.D. Bank, No. 15-CV-5643 (SAS), 2016 WL 80210, at *1–2 (S.D.N.Y. Jan. 5, 2016) (noting that a motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced" and rejecting as untimely the argument raised for the first time in the motion for reconsideration (internal quotation marks and citations omitted)). Caires did not assert an FDCPA claim in the Notice of Removal. See Notice of Removal (Doc. No. 1). While he mentioned the FDCPA in his claims under the Connecticut Unfair Trade Practices Act in his Second Amended Complaint before Judge Bryant, those claims were dismissed. See D. Conn. Case #1,

Amended Complaint Second (Doc. No. 67) at ¶ 77, 85, 88–89; D. Conn. Case #1, Order Granting Motion to Dismiss (Doc. No. 92).  Therefore, the court rejects Caires' current FDCPA argument as untimely.

Even if the claim were timely, however, it would not serve as grounds for federal question jurisdiction.  As noted in the Order to Remand, under the well-pleaded complaint rule, "a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].  Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . .  Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation marks and citations omitted).  Here, Caires' FDCPA claim—which, as noted above, is not even correctly pled, but if pled—would be a counterclaim to J.P. Morgan's counterclaim.  In the only case cited by Caires, the FDCPA claim serves as the basis for federal question jurisdiction because it is brought by the plaintiff in the complaint.  See Glazer v. Chase Home Finance, LLC, 704 F.3d 453, 455 (6th Cir. Jan. 14, 2013).  Therefore, Glazer is inapplicable to Caires' claim.  Thus, even if the court were to consider Caires' untimely argument, it would nevertheless be rejected as failing to identify a valid basis for jurisdiction.

## IV. CONCLUSION

For the above reasons, Caires' Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 14th day of September, 2017.

/s/ Janet C. Hall\
Janet C. Hall\
United States District Judge